# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONNA-KAY E. ARMSHAW AND STEPHEN P. ARMSHAW** | **CIVIL ACTION NO. 2:21-CV-01398** |
| | **SECTION "H" (5)** |
| **VERSUS** | **JUDGE JANE TRICHE MILAZZO** |
| | **MAG. JUDGE MICHAEL NORTH** |
| **NEW ORLEANS MILITARY AND MARITIME ACADEMY, INC. AND VOLTAIRE ALEXANDER CASINO** | |

## <u>DEFENDANT VOLTAIRE ALEXANDER CASINO'S ANSWER TO COMPLAINT</u>

Defendant Voltaire Alexander Casino ("Casino") files his Answer to Plaintiffs Donna-Kay E. Armshaw and Stephen P. Armshaw's ("Plaintiffs") Amended Complaint (the "Complaint") and shows the Court as follows:

### I.    BACKGROUND FACTS

1.    The allegations of fact contained in Paragraph 1 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

2.    The allegations of fact contained in Paragraph 2 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

3.    The allegations of fact contained in Paragraph 3 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

4.    The allegations of fact contained in Paragraph 4 of the Complaint are denied.

5.    The allegations of fact contained in Paragraph 5 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

6.    The allegations contained in Paragraph 6 of the Complaint are admitted.

7.    The allegations of fact contained in Paragraph 7 of the Complaint are denied.

8.      Casino admits that he reported information to school authorities and Tesia Williams concerning V.A.  The remaining allegations contained in Paragraph 8 of the Complaint are denied as written.

9.      The allegations contained in Paragraph 9 of the Complaint do not pertain to Casino and are denied for lack of knowledge or information sufficient to justify a belief therein.

10.     The allegations of fact contained in Paragraph 10 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

11.     The allegations of fact contained in Paragraph 11 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

## II.      THE PARTIES

12.     The allegations concerning the relationship of Mrs. Armshaw to V.A. are denied for lack of knowledge or information sufficient to justify a belief therein.  The remaining allegations contained in Paragraph 12 of the Complaint are legal conclusions requiring no response.

13.      The allegations concerning the relationship of Mr. Armshaw to V.A. are denied for lack of knowledge or information sufficient to justify a belief therein.   The remaining allegations contained in Paragraph 13 of the Complaint are legal conclusions requiring no response.

14.     The allegations contained in Paragraph 14 of the Complaint are legal conclusions requiring no response.

15.     The allegations contained in Paragraph 15 (A) of the Complaint do not pertain to Casino and are denied for lack of knowledge or information sufficient to justify a belief therein.  With respect to Paragraph 15 (B), Casino admits he is a person of majority.  The remaining allegations contained in Paragraph 15 (B) of the Complaint are denied.

## III.     VENUE

16.     The allegations contained in Paragraph 16 of the Complaint are legal conclusions requiring no response.  Notwithstanding, Defendant does not dispute venue.

## IV.     JURISDICTION

17.     The allegations contained in Paragraph 17 of the Complaint are legal conclusions requiring no response.  Notwithstanding, Defendant does not dispute subject matter jurisdiction.

18.     The allegations contained in Paragraph 18 of the Complaint are legal conclusions requiring no response.  Notwithstanding, Defendant does not dispute personal jurisdiction.

## V.     FACTS REGARDING SUICIDE AND BULLYING GENERALLY

19.     The allegations of fact contained in Paragraph 19 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

20.     The allegations of fact contained in Paragraph 20 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

21.     The allegations of fact contained in Paragraph 21 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

22.     The allegations of fact contained in Paragraph 22 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

23.     The allegations of fact contained in Paragraph 23 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

## VI.     FACTS REGARDING BULLYING POLICY AND SUICIDE PREVENTION IN LOUISIANA AND AT NOMMA

24.     The allegations of fact contained in Paragraph 24 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

25.     The allegations of fact contained in Paragraph 25 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

26.     The allegations of fact contained in Paragraph 26 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

27.     The allegations of fact contained in Paragraph 27 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

28.     The allegations of fact contained in Paragraph 28 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

29.     The allegations of fact contained in Paragraph 29 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

30.     The allegations contained in Paragraph 30 of the Complaint do not pertain to Casino and are denied for lack of knowledge or information sufficient to justify a belief therein.

31.     The allegations contained in Paragraph 31 of the Complaint do not pertain to Casino and require no response.  To the extent a response is deemed necessary, Casino avers that NOMMA's 2020-2021 Cadet Parent Handbook speaks for itself.

32.     The allegations of fact contained in Paragraph 32 of the Complaint are denied.

33.     The allegations of fact contained in Paragraph 33 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

## VII. FACTS LEADING UP TO V.A.'S SUICIDE

34.     The allegations of fact contained in Paragraph 34 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

35.     The allegations of fact contained in Paragraph 35 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

36.    The allegations of fact contained in Paragraph 36 of the Complaint are denied.

37.    The allegations contained in Paragraph 37 of the Complaint do not pertain to Casino and are denied for lack of knowledge or information sufficient to justify a belief therein.

38.    The allegations of fact contained in Paragraph 38 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

39.    The allegations contained in Paragraph 39 of the Complaint do not pertain to Casino and are denied for lack of knowledge or information sufficient to justify a belief therein.

40.    The allegations contained in Paragraph 40 of the Complaint do not pertain to Casino and are denied for lack of knowledge or information sufficient to justify a belief therein.

41.    The allegations contained in Paragraph 41 of the Complaint do not pertain to Casino and are denied for lack of knowledge or information sufficient to justify a belief therein.

42.    The allegations contained in Paragraph 42 of the Complaint do not pertain to Casino and are denied for lack of knowledge or information sufficient to justify a belief therein.

43.    The allegations contained in Paragraph 43 of the Complaint do not pertain to Casino and are denied for lack of knowledge or information sufficient to justify a belief therein.

44.    The allegations contained in Paragraph 44 of the Complaint do not pertain to Casino and are denied for lack of knowledge or information sufficient to justify a belief therein.

45.    The allegations of fact contained in Paragraph 45 of the Complaint are denied.

46.    The allegations of fact contained in Paragraph 46 of the Complaint are denied.

47.     The allegations of fact contained in Paragraph 47 of the Complaint are denied.

48.    The allegations of fact contained in Paragraph 48 of the Complaint are denied.

49.    The allegations of fact contained in Paragraph 49 of the Complaint are denied.

50. The allegations of fact contained in Paragraph 50 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

51. The allegations of fact contained in Paragraph 51 of the Complaint are denied.

52. The allegations of fact contained in Paragraph 52 of the Complaint are denied.

53. The allegations of fact contained in Paragraph 53 of the Complaint are denied.

54. The allegations of fact contained in Paragraph 54 of the Complaint are denied.

55. The allegations of fact contained in Paragraph 55 of the Complaint are denied.

56. The allegations of fact contained in Paragraph 56 of the Complaint are denied.

57. The allegations of fact contained in Paragraph 57 of the Complaint are denied.

58. The allegations of fact contained in Paragraph 58 of the Complaint are denied.

59. The allegations of fact contained in Paragraph 59 of the Complaint are denied.

## VIII. FACTS RELATING TO V.A.'S SUICIDE

60. The allegations of fact contained in Paragraph 60 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

61. The allegations of fact contained in Paragraph 61 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

62. The allegations of fact contained in Paragraph 62 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

63. The allegations of fact contained in Paragraph 63 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

64. The allegations of fact contained in Paragraph 64 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

65.     The allegations of fact contained in Paragraph 65 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

66.     The allegations of fact contained in Paragraph 66 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

67.     The allegations of fact contained in Paragraph 67 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

## IX.     FEDERAL LAW CLAIMS

68.     The allegations of fact contained in Paragraph 68 of the Complaint are denied.

69.     The allegations of fact contained in Paragraph 69 of the Complaint are denied.

70.     The allegations of fact contained in Paragraph 70 of the Complaint are admitted.

71.     The allegations contained in Paragraph 71 of the Complaint are legal conclusions requiring no response.  To the extent a response is deemed necessary, they are denied.

72.     The allegations contained in Paragraph 72 of the Complaint are legal conclusions requiring no response.  To the extent a response is deemed necessary, they are denied.

73.     The allegations contained in Paragraph 73 of the Complaint are legal conclusions requiring no response.  To the extent a response is deemed necessary, they are denied.

74.     Casino denies that he affirmatively undertook a responsibility to handle V.A.'s issues himself and trained V.A. to come to him when she was struggling.  The remaining allegations contained in Paragraph 74 of the Complaint are legal conclusions requiring no response.  To the extent a response is deemed necessary, they are denied.

75.     The allegations of fact contained in Paragraph 75 of the Complaint are denied.

76.     The allegations contained in Paragraph 76 of the Complaint are legal conclusions requiring no response.  To the extent a response is deemed necessary, they are denied.

77.     The allegations contained in Paragraph 77 of the Complaint are legal conclusions requiring no response. To the extent a response is deemed necessary, they are denied.

78.     The allegations contained in Paragraph 78 of the Complaint are legal conclusions requiring no response. To the extent a response is deemed necessary, they are denied.

## X.     LOUISIANA LAW CLAIMS

79.     The allegations contained in Paragraph 79 of the Complaint are legal conclusions requiring no response. To the extent a response is deemed necessary, they are denied.

80.     Casino denies that he offered V.A. suicide counseling himself even though he was not qualified to act as a counselor. The remaining allegations of fact contained in Paragraph 80 of the Complaint are legal conclusions requiring no response. To the extent a response is deemed necessary, they are denied.

81.     The allegations of fact contained in Paragraph 81 of the Complaint are denied.

82.     The allegations of fact contained in Paragraph 82 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

83.     The allegations of fact contained in Paragraph 83 of the Complaint are denied.

84.     The allegations of fact contained in Paragraph 84 of the Complaint are denied.

85.     The allegations of fact contained in Paragraph 85 of the Complaint are denied.

86.     The allegations of fact contained in Paragraph 86 of the Complaint are denied.

87.     The allegations contained in Paragraph 87 of the Complaint are legal conclusions requiring no response. To the extent a response is deemed necessary, they are denied.

88.     The allegations of fact contained in Paragraph 88 of the Complaint are denied.

89.     The allegations contained in Paragraph 89 of the Complaint are legal conclusions requiring no response. To the extent a response is deemed necessary, they are denied.

90.     Casino admits that he was a teacher at and employee NOMMA and taught biology.  The remaining allegations contained in Paragraph 90 of the Complaint are legal conclusions requiring no response.  To the extent a response is deemed necessary, they are denied.

91.     The allegations of fact contained in Paragraph 91 of the Complaint are denied.

92.     The allegations of fact contained in Paragraph 92 (A-K) of the Complaint are denied.

## XI.  INJURIES AND DAMAGES

93.     The allegations of fact contained in Paragraph 93 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

94.     The allegations of fact contained in Paragraph 94 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

95.     The allegations contained in Paragraph 95 of the Complaint including all subparagraphs require no response.  To the extent a response is deemed necessary, they are denied.

96.     The allegations contained in Plaintiff's Prayer for Relief require no response.  To the extent a response is deemed necessary, they are denied.

**ANSWERING FURTHER,**

Casino pleads the following defenses:

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are prescribed and/or perempted.

### THIRD DEFENSE

Casino generally denies the material allegations of the Complaint and demands strict proof thereof.

## FOURTH DEFENSE

Plaintiffs were not damaged and/or harmed; if such damage and/or harm exists, it was not caused by Casino represented herein as alleged in Plaintiffs' Complaint.

## FIFTH DEFENSE

In the alternative, the damages and/or harms allegedly sustained by Plaintiffs and/or V.A., if any, were the proximate result of the sole and/or comparative fault of Plaintiffs, reducing any award due to them by their percentage of fault.

## SIXTH DEFENSE

In the alternative, the damages allegedly sustained by Plaintiffs and/or V.A., if any, were the proximate result of superseding and/or intervening occurrences, acts, negligence, and/or omissions of other persons over whom Casino has and/or had no control or responsibility, and to that extent, their fault is affirmatively pleaded herein.

## SEVENTH DEFENSE

Casino was not bound by, and therefore did not breach, any duty owed to Plaintiffs and/or V.A.

## EIGHTH DEFENSE

At all times herein, Casino acted with reasonable diligence.

## NINTH DEFENSE

Casino's actions did not cause V.A.'s suicide.

## TENTH DEFENSE

At no point was V.A. in the custody of Casino.

## ELEVENTH DEFENSE

Plaintiffs are not entitled to an award of punitive damages, extracontractual damages or attorney fees.

## TWELFTH DEFENSE

Casino has not acted with malice or reckless disregard to Plaintiffs' federally protected rights.

## THIRTEENTH DEFENSE

With respect to Plaintiffs' claim for punitive damages, Casino adopts and pleads all defenses and criteria as set forth in *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996).

## JURY DEMAND

Casino demands a jury trial.

## PRAYER FOR RELIEF

Voltaire Alexander Casino prays that his Answer and Affirmative Defenses be deemed good and sufficient, he be granted trial by jury, and, after due proceedings are held, there be judgment in his favor and against Plaintiffs, Donna-Kay E. Armshaw and Stephen P. Armshaw, dismissing their claims with prejudice and at their cost.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

By:     */s/ Marne Jones*
         Marne Jones (#32522)
         Mark A. Hill (#33891)
         650 Poydras Street, Suite 2105
         New Orleans, Louisiana 70130
         504-526-4320 Telephone
         504-526-4310 Facsimile
         *Email: MAJones@thompsoncoe.com*
         **COUNSEL FOR DEFENDANT**
         **VOLTAIRE ALEXANDER CASINO**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 15, 2021, a true and correct copy of this document has been served on all counsel of record in this matter by facsimile, electronic service, and/or U.S. Mail.

_/s/ Marne Jones_
Marne Jones