UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONNA-KAY ARMSHAW, ET AL PLAINTIFFS | CIVIL ACTION |
| v. | NO. 21-1398 |
| NEW ORLEANS MILITARY AND MARITIME ACADEMY, INC., ET AL DEFENDANTS | JUDGE JANE T. MILAZZO MAG. JUDGE MICHAEL NORTH |

**DEFENDANTS' JOINT RESPONSE TO
PLAINTIFFS' MOTION TO CONTINUE TRIAL**

**NOW INTO COURT** through their respective undersigned counsel, comes Defendants,

New Orleans Military and Maritime Academy and Voltaire Casino, who respond to the Motion to

Continue Trial, Expedite Telephone Conference, and Reset Deadlines filed by Plaintiffs on June

2, 2023.

**I.    BRIEF PROCEDURAL HISTORY**

This matter arises out of the suicide of V.A., Plaintiffs' daughter, a former NOMMA cadet,

on November 4, 2020.  At the time of her suicide, V.A. was attending NOMMA remotely.

This case was originally filed on July 22, 2021, against Defendants, New Orleans Military

and Maritime Academy, Inc. ("NOMMA"); Voltaire Alexander Casino ("Casino"); and Orleans

Parish School Board ("OPSB").[1]  Shortly after service of the Complaint, Defendant OPSB filed a

Motion to Dismiss[2] and Plaintiffs, thereafter, filed an Amended Complaint removing OBSP from

the suit.[3]

---

[1] ECF R. Doc. 1.
[2] ECF R. Doc. 13.
[3] ECF R. Doc. 30.

Following the dismissal of OBSP and the filing of Plaintiffs' Amended Complaint, the remaining Defendants filed responsive pleadings, and a Scheduling Conference was held on February 4, 2022.  The Scheduling Order was issued later that same day, setting a discovery cut-off of January 6, 2023, a dispositive motion hearing deadline of February 1, 2023, and a jury trial beginning March 27, 2023.[4]

After dismissing their claims against OPSB in this lawsuit, on October 25, 2021, Plaintiffs then filed a separate action against the Louisiana Department of Education and the Louisiana State Board of Elementary and Secondary Education in the 19th Judicial Court for the Parish of Baton Rouge. As a result, the original trial date of this matter was upset as a result of a joint Motion to Continue necessitated by the ancillary state court proceeding, as counsel for both cases wanted to coordinate depositions in the interest of efficiency.[5]

The Joint Motion to Continue Trial was granted on September 21, 2022,[6] and a new Scheduling Order was issued on October 12, 2022, following a Scheduling Conference held that same day.[7]

Plaintiffs' expert reporting deadline has now lapsed. Defendants' expert reporting deadline is July 7, 2023. That is also the deadline for the exchange of Witness and Exhibit Lists. The discovery cut-off date is August 6, 2023. Trial is set for the week of October 23, 2023.

II.     LAW AND ARGUMENT

a.   STANDARD FOR CONTINUANCES AND MODIFICATIONS OF SCHEDULING ORDERS

Whether to grant or deny a continuance is within the sound discretion of the trial court.[8] In

---

[4] ECF R. Doc. 35.
[5] ECF R. Doc. 39.
[6] ECF R. Doc. 40.
[7] ECF R. Doc. 42.
[8] *Equip. Leasing, LLC v. Three Deuces, Inc.*, 2011 WL 1326931, at *2 (E.D. La. Apr. 1, 2011), *citing, United States v. Alix,* 86 F.3d 429, 434 (5th Cir.1996).

deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."[9] The Fifth Circuit has explained that "an amendment of a pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight."[10]

Federal Rule of Civil Procedure 16(b) allows a court to modify its scheduling order "only for good cause."[11] The standard of good cause requires that the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[12] "Four factors are relevant to good cause: (1) the explanation for requesting the continuance; (2) the importance of the continuance; (3) any potential prejudice in allowing the continuance; and (4) the availability of a continuance to cure any prejudice."[13]

### b.  STATUS OF DISCOVERY

As it relates to this matter, written discovery has proceeded accordingly, with NOMMA and Voltaire Casino initially propounding written discovery upon Plaintiffs. Plaintiffs' responses to that discovery were received on Monday, September 12, 2022. Thereafter, Plaintiffs first propounded written discovery upon NOMMA, which it responded to, and then propounded discovery to Casino, to which he responded.

NOMMA noticed the depositions of both Mr. and Mrs. Armshaw for February 28, 2023.

---

[9] *Id., citing, Streber v. Hunter,* 221 F.3d 701, 736 (5th Cir.2000).

[10] *Wright v. Shell Offshore, Inc.,* 2011 WL 6304148, at *1 (E.D. La. Dec. 16, 2011), *citing, Sherman v. United States,* 462 F.2d 577, 578 (5th Cir.1972).

[11] *Mosely v. Ins. Corp. of Hanover,* 2002 WL 246449, at *1 (E.D. La. Feb. 19, 2002), *citing, Reliance Ins. Co. v. Louisiana Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir.1997).

[12] *S&W Enterprises, LLC v. South Trust Bank of Ala., NA,* 315 F. 3d 533, 535 (5th Cir., 2003). *See also, Morin v. Chevron U.S.A., Inc.,* 2012 WL 255766, at *2 (E.D. La. Jan. 24, 2012)("…as with other modifications to a scheduling order, a "good cause" standard applies…") .

[13] *Facille v. Madere & Sons Towing, Inc.,* 2014 WL 3099979, at *4 (E.D. La. July 7, 2014).

Mr. Armshaw's deposition went forward as scheduled.  Mrs. Armshaw's deposition was reset for March 27, 2023, and went forward as scheduled.

During Mr. Armshaw's deposition, Defendants learned of additional responsive documents in Plaintiffs' possession that had not been produced, including V.A.'s suicide note and V.A.'s forensic telephone record report. Plaintiffs' counsel cooperated fully with the undersigned and provided a supplemental production.

The supplemental production included a forensic telephone record report relating to at least one of V.A.'s telephones that NOPD had. As it relates to the Motion to Continue, it should be noted that the report is dated March 14, 2023, but states that the "extraction date", *i.e.,* presumably the date where the data was extracted from the phone, was on January 23, 2023. This was approximately six months ago.

### c.  RESPONSE TO MOTION TO CONTINUE TRIAL

Plaintiffs filed a Motion seeking to "continue the trial, expedite a telephone conference, and reset correspondence deadlines to allow the Parties to complete discovery of the complicated facts present in this case." In support of their Motion, Plaintiffs argue that they need additional time to "fully complete discovery," and that "there is still a substantial amount of discovery that needs to take place."  In terms of specifics, the Memorandum in Support only cites to the need to take the deposition of Voltaire Casino, the fact that Plaintiffs are "awaiting additional discovery responses" from both NOMMA and OPSB which they allege has "hampered their ability to obtain the needed expert reports within the disclosure deadline."

Plaintiffs have not noticed any depositions to date.  The only request made for a date to depose a defense witness has been for the deposition of Voltaire Casino. Dates for Casino's

deposition have been circulated amongst all counsel of record. The timing of the same is something that counsel for Casino is prepared to discuss at tomorrow's status conference.

To the extent that Plaintiffs believe NOMMA's discovery responses to be deficient, Plaintiffs' counsel should be required to identify with specificity what exactly is deficient and, if necessary, file a Motion to Compel.

OPSB is not a party to the case.  No subpoena to OPSB has been issued in this matter. To the extent that Plaintiffs' need those documents, they should be actively taking steps to get them.

Finally, it should be noted that the undersigned counsel were not contacted by Plaintiffs' counsel with respect to the Motion to Continue Trial.

That being said, and in the spirit of cooperation, the undersigned counsel does not generally oppose a very limited extension of the deadlines to allow Plaintiff additional time (60 days or less) to conduct any additional discovery necessary.

## III.    CONCLUSION

For the foregoing reasons, Defendants do not oppose a limited extension of the deadlines set in this matter and a corresponding modification of the trial date.

Respectfully Submitted,

_/s/ Melissa M. Lessell _____
JOHN JERRY GLAS (#24434)
jerry@deutschkerrigan.com
MELISSA M. LESSELL (#32710)
mlessell@deutschkerrigan.com
DENIA S. AIYEGBUSI (#31549)
denia@deutschkerrigan.com
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 581-5141
*Attorneys for New Orleans Military and*
*Maritime Academy, Inc.*

**AND**


**THOMPSON, COE, COUSINS & IRONS L.L.P.**


By:   */s/ Marne Jones*
        Marne Jones (#32522)
        Mark A. Hill (#33891)
        601 Poydras Street, Suite 1850
        New Orleans, Louisiana 70130
        504-526-4320 Telephone
        504-526-4310 Facsimile
        *Email: MAJones@thompsoncoe.com*
        **COUNSEL FOR DEFENDANT**
        **VOLTAIRE ALEXANDER CASINO**