UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONNA-KAY E. ARMSHAW AND STEPHEN P. ARMSHAW<br><br>VERSUS<br><br>NEW ORLEANS MILITARY AND MARITIME ACADEMY, INC. AND VOLTAIRE ALEXANDER CASINO | CIVIL ACTION NO. 2:21-CV-01398<br><br>SECTION "H" (5)<br><br>JUDGE JANE TRICHE MILAZZO<br><br>MAG. JUDGE MICHAEL NORTH |

**DEFENDANT VOLTAIRE CASINO'S REPLY TO PLAINTIFFS' OPPOSITION TO THE MOTION TO QUASH SUBPOENA DUCES TECUM AND/OR FOR PROTECTIVE ORDER**

MAY IT PLEASE THE COURT:

Defendant Voltaire Casino ("Mr. Casino") respectfully files this reply to clarify the application of the cases cited by Plaintiffs and to urge the Court to not consider the conclusory and irrelevant portions of Plaintiffs' Opposition.

**I.    The Nature of the Opposition**

Plaintiffs' Opposition contains pages of contested allegations which are presented as truth and which bear no relation to the subject subpoena. From allegations concerning the nature of Mr. Casino's communications with Valerie Armshaw, to the principles laid out in NOMMA's employer handbook and conclusory assertions that Mr. Casino did not abide by those principles, to statements concerning the appropriateness of Mr. Casino's response to Valerie's purported struggles, Plaintiffs use this motion to argue the merits of their underlying case and to portray contested facts as if they are established.[1] Mr. Casino urges the Court to look past the conclusory

---

[1] R. Doc. 69.

nature of Plaintiffs' opposition so that it does not impact the Court's decisions regarding the underlying merits of the case.[2]

## II. The cases used by Plaintiffs do not support the scope of their subpoena.

Plaintiffs assert that this case is analogous to *Arceneaux v. Assuranceforeningen Gard Ins. Co.*, No. CIV.A. 09-654, 2010 WL 744922 (W.D. La. Feb. 25, 2010).[3] Plaintiffs state that the court in *Arceneaux* found cell phone records relevant to confirm or deny whether a party's testimony about cell phone use was accurate, so this Court should as well.[4] In *Arceneaux,* the court stated that the subpoena was "specific regarding the information it seeks, and is limited to a 24 hour period after the alleged accident occurred." *Arceneaux*, 2010 WL 744922, at *2. For those reasons, the court denied the motion to quash. *Id.* Here, the subpoena is not limited in time or scope, thus it is more similar to the subpoenas addressed in the cases cited in Mr. Casino's Memorandum in Support.[5]

Plaintiffs also submit that this case is analogous to *Savoie v. Inland Dredging Co., LLC*, No. CV 20-2294, 2022 WL 1238678 (E.D. La. April 27, 2022).[6] Plaintiffs state that the court in *Savoie* concluded that when a deponent has reason to misrepresent facts to protect their own self-interest, cell phone records can be acquired to verify the truthfulness of the deponent's testimony.[7] Again, the court in *Savoie* limited the time frame of the subpoena, even stating that it was kept unusually wide due to the alleged incident date being in question. *Savoie*, 2022 WL 1238678, at

---

[2] Mr. Casino also notes that Plaintiffs highlighted and misrepresented a portion of his motion. *See* R. Doc. 69, p. 4 (submitting that Mr. Casino asserted a lack of evidence of any cellphone communication at all, when Mr. Casino actually asserted a lack of evidence of cellphone communication between him and Valerie Armshaw).
[3] R. Doc. 69, p. 10.
[4] Plaintiffs' assertion that Mr. Casino provided inconsistent deposition testimony is entirely false, as no one, including himself, contradicted his testimony that he never corresponded with Valerie Armshaw through his cell phone. As for his averred report to Tesia Williams, this may be inconsistent with Tesia Williams's testimony, but Mr. Casino's own testimony is not inconsistent.
[5] *See* R. Doc. 67-1, at pp. 3-5.
[6] R. Doc. 69, p. 11.
[7] R. Doc. 69, p. 11.

*2-3. The court also limited the subpoena to communications between only two individuals. *Id.* Again, this is much more limited than Plaintiffs' request for a boundless scope of records.

## CONCLUSION

In conclusion, Plaintiffs seek a multitude of records that have nothing to do with this case and which would infringe on Mr. Casino's privacy interests. The cases Mr. Casino cited in his Memorandum in Support of the Motion to Quash are directly analogous to this case. The Motion should be quashed.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS L.L.P.**

By:   */s/ Marne Jones*
      Marne Jones (#32522)
      Mark A. Hill (#33891)
      601 Poydras Street, Suite 1850
      New Orleans, Louisiana 70130
      504-526-4320 Telephone
      504-526-4310 Facsimile
      *Email:* MAJones@thompsoncoe.com
      **COUNSEL FOR DEFENDANT VOLTAIRE ALEXANDER CASINO**

## CERTIFICATE OF SERVICE

I hereby certify that to the best of my knowledge all counsel of record consent to and participate in receiving electronic notification from the CM/ECF system, and that the Clerk of the Court for the Eastern District of Louisiana, using the CM/ECF system, will electronically send notification of the filing of this pleading to all counsel of record.

*/s/ Marne Jones*
**MARNE JONES**